UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS' INSURANCE
FUND, et al.,

      Plaintiffs,

v.

APPLIED BUILDING TECHNOLOGIES,
INC., a/k/a APPLIED BUILDING
TECHNOLOGIES and a/k/a SECURTEC
ELECTRONICS SYSTEMS, INC.,

      Defendant.
                                       /

Case No. 2:09-cv-11416

HONORABLE STEPHEN J. MURPHY, III

## **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (dkt. 9)**

This is an action by a group of union trust funds to enforce an arbitral award requiring the defendant to post a surety bond.  Before the Court is plaintiffs' motion for summary judgment enforcing the award and a request for attorneys fees and costs in light of the defendant's refusal to comply with the arbitral award and the collective bargaining agreement.  The defendant has not filed a response brief or otherwise opposed plaintiffs' motion, which has been pending since August, 2009.  For the reasons stated below, the Court will grant plaintiffs' motion for summary judgment and will order the arbitral award enforced.  As to the request for attorneys' fees, the Court will not grant attorneys' fees because the plaintiffs have not complied with the rules of procedure for seeking attorneys' fees.  Denial of the attorneys' fees request will be without prejudice to the plaintiffs refiling a motion for attorneys' fees that complies with the federal and local rules.

### **FACTS**

The defendants have failed to file a response brief in opposition to plaintiffs' motion for summary judgment and therefore are deemed to admit the following facts.  Plaintiffs'

Electrical Workers' Insurance Fund, et al., (the "Funds") are trust funds established under and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. Affidavit of Craig Young ("Young Aff."), ¶ 2. The Funds are suing to enforce the terms of a collective bargaining agreement ("CBA") between the defendant, Applied Building Technologies, Inc., a/k/a Applied Building Technologies, a/k/a Securtec Electronic Systems, Inc. ("Applied Building") and Local Union #58 of the International Brotherhood of Electrical Workers ("Local 58"). Young Aff., ¶ 4. The CBA requires Applied Building to make fringe benefit contributions on behalf of its employees, and section 6 of Article VIII of the CBA requires the company to obtain a surety bond as a guarantee for the contribution it owes. *Id.*, ¶ 5. Applied Building did not post the surety bond required by the CBA and, as a result, the Funds filed a grievance with the Joint Labor-Management Committee (the "Committee"), the arbitral body established by the CBA. *Id.*, ¶ 6. On October 23, 2008, the Committee found Applied Building guilty of the charges against it and issued an Award requiring Applied Building to secure a surety bond in an amount as set forth in Article VIII, Section 6(A) of the CBA. *Id.*, ¶ 8 and Complaint, Exhibit C. Applied Building has not posted a surety bond. Young Aff., ¶ 9.

**ANALYSIS**

Rule 56 of the Federal Rules of Civil Procedure provides that the Court may enter summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears an initial burden of demonstrating the absence of material issues of fact. *Celotex Corp. v.*

Catrett, 477 U.S. 317, 323 (1986). If a motion for summary judgment is properly made and supported, the party opposing summary judgment may not rely on allegations or denials in its own pleadings but rather must offer evidence showing a genuine issue for trial. Fed R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

Summary judgment is appropriate here because the plaintiffs have met their burden of demonstrated that there are no material factual issues and that they are entitled to judgment as a matter of law, and the defendant has failed to offer evidence showing material issues of fact. The plaintiff has offered the affidavit of Craig Young which establishes that the defendant was party to the CBA, that the CBA contained an arbitration provision, that the arbitrator issued an award requiring the defendant to post a surety bond, and that the defendant did not post the bond as required. Where the parties select arbitration to settle their disputes, the district court's role is to place governmental authority behind an award in order to enforce it. *Armco Employees Independent Federation, Inc. v. Armco Steel Co., L.P.*, 65 F. 3d 492, 496 (6th Cir. 1995). As it is undisputed that the parties entered into an agreement to arbitrate, placed their dispute before the arbitrator and received a decision by the arbitrator, this Court will enforce the arbitrator's award.

As to the plaintiffs' request for attorneys' fees, however, the Court will not consider plaintiffs' request at this time because the plaintiffs have failed to comply with the rules of this Court. Local Rule 54.1.2 requires that any motion for attorneys' fees be supported by "an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award." E.D. Mich. L.R. 54.1.2. *See also* Fed. R. Civ. P. 54(d)(2).

3

As the plaintiffs have failed to properly support their request for attorneys' fees, the Court will deny the motion without prejudice to consideration of a subsequent motion that is properly supported.

**WHEREFORE**, it is hereby **ORDERED** that plaintiffs' motion for summary judgment is **GRANTED**. The Court **CONFIRMS** the October 23, 2008 award of the Joint Labor-Management Committee and **ORDERS** the defendant to forthwith comply with the same by securing a Surety Bond in an amount as set forth in the Schedule provided in Article VIII, Section 6(A) of the collective bargaining agreement and thereafter remain in compliance with said agreement. Plaintiffs' request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 22, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager